UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBONY MALCOM,

    Plaintiff,                                         Civil No. 2:18-cv-10389
v.                                               Hon. Arthur J. Tarnow

STATE OF MICHIGAN,

    Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Ebony Malcom, a state inmate incarcerated at the Huron Valley Correctional Facility in Ypsilanti, Michigan, has filed a pro se civil complaint. The Court granted Plaintiff's application to proceed in forma pauperis, and she is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court summarily dismisses the complaint.

## I. BACKGROUND

According to the Michigan Department of Corrections website, Plaintiff is incarcerated as a result of several convictions and sentences imposed by the Wayne Circuit Court, the most serious of which is her 2013 conviction for using a conducting a criminal enterprise, contrary to MICH. COMP. LAWS §

1

750.159.¹

The complaint names "The People of the State of Michigan" as defendant. The complaint alleges that the Wayne Circuit Court's Judgment of Sentence is void because of "lack of jurisdiction; several constitutional and statutory violations; and several due process of law violations." Dkt. 1, at 6. Plaintiff seeks a judgment "setting aside the void judgments." Id., at 17.

## II. STANDARD

A civil complaint filed by a pro se prisoner is subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim

---

¹ Pursuant to FED. R. EVID. 201(c), the Court may take judicial notice of the information provided on the Michigan Department of Corrections website. See *Daly v. Burt*, 613 F. Supp. 2d 916, 920 n.2 (E.D. Mich. 2009); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n. 3 (E.D. Mich. 2004).

upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

### III. DISCUSSION

This civil action seeks to invalidate a Michigan criminal conviction on various constitutional and other grounds. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement in federal court. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973).

Nevertheless, the Court cannot convert this matter into a petition for a writ of habeas corpus. When a suit that should have been brought under the

3

habeas corpus statute is prosecuted instead as a civil suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to re-file it as a petition for writ of habeas corpus. *Id.* Moreover, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

The Court notes that Plaintiff has on two occasions previously unsuccessfully sought habeas relief in this Court. See *Malcom v. Stewart*, Nos. 2:17-cv-11536, and 4:15-cv-12749. Should Plaintiff wish to pursue habeas relief again, she is required to first obtain permission from the United States Court of Appeals for the Sixth Circuit. See 28 U.S.C. § 2244(b).

## IV. CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** pursuant to Fed.R.Civ.P. 12(b)(1).

The Court further find that an appeal from this order would be frivolous

4

*Malcom v. Michigan*, No. 18-10389

and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962). Leave to file an appeal in forma pauperis is therefore also **DENIED**.

**SO ORDERED.**

        S/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: February 15, 2018

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on February 15, 2018, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Assistant